IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19–cv–00349–RM–KMT

RAIN DESIGN, INC, and
KOK HONG LYE,

    Plaintiffs,

v.

SPINIDO, INC.,
GOMFFER, INC., and
DOES 1-10, inclusive.

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    Before the court is Plaintiffs' "Renewed Motion for Default Judgment." (["Motion"], Doc. No. 43.) No response has been filed to the Motion, and the time to do so has lapsed.

    Plaintiff Rain Design, Inc., a California corporation with its principal place of business in California, designs, manufactures, and sells the mStand, an aluminum laptop stand that embodies the single claim of U.S. Patent No. 559,850 [the "'850 Patent"]. (["Complaint"], Doc. No. 1 at 3 ¶ 4, Ex. C, Ex. D.) Plaintiff Kok Hong Lye, a resident of Singapore, is the founder of Rain Design, as well as its Chief Designer. (*Id.* at 3 ¶ 5.) Mr. Lye is the owner and sole inventor of the '850 Patent, while Rain Design is the patent's exclusive licensee. (*Id.* at 3 ¶ 5, 7 ¶ 22, Ex. E.)

Defendants Spinido, Inc. and Gomffer, Inc., both Colorado corporations with their principal places of business in Colorado,[1] market and sell technology accessories, including the TI-Station Laptop Aluminum Cooling Stand for Macbook and All Notebooks ["TI Station"] and the Spinido® Premium Exquisite Aluminum Laptop Stand and Adjustable Magnesium Phone Holder for All Laptops and Phones ["TI Combination"].  (*Id.* at 3-5 ¶¶ 6-8, 12, Ex. G, Ex. K.)  It is Plaintiffs' position that the TI Station and the TI Combination each infringe the '850 Patent, and that the packaging used to distribute those products also infringes Rain Design's trade dress.  (*Id.* at 2-4 ¶¶ 2, 6.)

Based on these allegations, on June 27, 2017, Plaintiff commenced this lawsuit against Defendants in the United States District Court for the Northern District of California, asserting claims for federal copyright, patent, and trademark infringement, as well as claims under California state law.  (*Id.* at 17-23 ¶¶ 66-110.)  Plaintiffs seek declaratory and injunctive relief, as well as monetary damages.  (*Id.* at 23-25.)

Plaintiffs made several attempts to serve Defendants personally, none of which proved successful.  (Doc. No. 19 at 2 ¶¶ 2-3, Ex. A, Ex. B; *see* Doc. Nos. 11, 13.)  The Northern District of California ultimately authorized Plaintiffs to effectuate substituted service by publication in the Pikes Peak Courier and the Denver Post, in accordance with California law.[2]  (Doc. No. 14.)

---

[1] Spinido and Gomffer are alleged to be "alter egos" that "were opened and/or funded, controlled by, and/or are subsidiaries of a Chinese parent company."  (Compl. 4-5 ¶¶ 9-11.)

[2] The Northern District of California also ordered Plaintiffs to attempt service on the Colorado Secretary of State, in accordance with California law.  (Doc. No. 14; Doc. 19 at 2-3 ¶ 6.)  However, Plaintiffs determined that Colorado does not accept service of process on behalf of its registered corporate entities.  (Doc. No. 19 at 3-4 ¶¶ 8-13.)  Plaintiffs, therefore, never attempted that method of service.  (Doc. No. 27 at 5; *see* Doc. No. 19.)

After publishing the required notices in the two Colorado newspapers, on August 27, 2018, Plaintiffs moved for entry of default by the Northern District of California Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 20; *see* Doc. No. 19 at 2 ¶¶ 4-5, Ex. C, Ex. D.)  The Clerk then entered default against Defendants on August 29, 2018. (Doc. No. 21.)

On September 6, 2018, Plaintiffs filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. No. 22.)  That motion was denied, however, because the Northern District of California determined that it lacked personal jurisdiction over Defendants. (Doc. No. 30; *see* Doc. No. 27.)  The case was then transferred to the District of Colorado, pursuant to 28 U.S.C. § 1631, on February 11, 2019. (Doc. No. 31; *see* Doc. No. 30.)

Upon transfer, this court ordered Plaintiffs to file a renewed motion for default judgment, or a status report regarding how they wished to proceed with this case. (Doc. No. 42.)  Plaintiffs thereafter filed the instant Motion on March 11, 2019.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 mandates a two-step process for the entry of a default judgment.  First, a party must obtain a Clerk's entry of default.  Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  Second, the party must either request the Clerk to enter default judgment, if the claim is for a "sum certain," or, "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(1)-(2).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1136 (D. Colo. 2014) (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)); *accord Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Nevertheless, given that "[s]trong policies favor resolution of disputes on their merits," the remedy of default judgment "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991).

Before entering default judgment, the court must consider whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Next, the court must consider whether the well-pleaded allegations of fact—which are admitted by a defendant upon default—support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 765 ("[E]ven in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations. The judgment must be supported by a sufficient basis in the pleadings."). If the court finds that "the unchallenged facts create a legitimate basis for the entry of a [default] judgment," default judgment may then be entered. *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (citation omitted).

## ANALYSIS

### A. *Jurisdiction*

In determining whether the entry of a default judgment is warranted here, the court must first consider whether it has both subject matter and personal jurisdiction. *Williams*, 802 F.2d at 1203.

**1. Subject Matter Jurisdiction**

Plaintiffs assert that the court has subject matter jurisdiction over this matter, because the action arises out of alleged violations of federal statutes related to copyrights, patents, and trademarks. (Compl. 6 ¶¶ 15-20.) Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides, in pertinent part, that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1338 of the United States Code likewise grants federal district courts with original jurisdiction over "any civil action arising under any Act of Congress relating to patents, . . . copyrights, and trademarks," as well as "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, . . . or trademark laws." 28 U.S.C. § 1338(a)-(b).

The court, therefore, has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a)-(b), as this action arises under federal copyright, patent, and trademark laws, and pursuant to 28 U.S.C. § 1367, to the extent that Plaintiffs assert state law claims. *See Crossfit, Inc. v. Jenkins*, 69 F. Supp. 3d 1088, 1093-94 (D. Colo. 2014). Thus, the first requirement for the entry of default judgment is met.

## 2. Personal Jurisdiction

The entry of default judgment in a civil action likewise requires personal jurisdiction over the defaulting defendant. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant."). However, before analyzing personal jurisdiction, the court must first address the adequacy of service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992) ("[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."); *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) ("default judgment subject to attack as void for failure to serve defendant").

The Complaint identifies Spinido and Gomffer as Colorado corporations. (Compl. 3-4 ¶¶ 6, 8.) Federal Rule of Civil Procedure 4 permits service of a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). In the alternative, a corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A); *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008).

Relevant here, Colorado Rule of Civil Procedure 4(e) authorizes service of a corporation through "the registered agent for service as set forth in the most recently filed documents in the

records of the secretary of state of [Colorado] or any other jurisdiction." Colo. R. Civ. P. 4(e)(4). A registered agent may be served in the same manner as a "natural person," in other words, "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." *Goodman v. Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 316 (Colo. 2010) (quoting Colo. R. Civ. P. 4(e)(1)). However, "if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served," a corporation may, in the alternative, be served "by registered mail or by certified mail, return receipt requested, addressed to the [corporation] at its principal address." Colo. Rev. Stat. § 7-90-704(2); *see Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241-42 (D. Colo. 2015) (finding service to be proper under Colo. Rev. Stat. § 7-90-704(2), and in compliance with Fed. R. Civ. P. 4(h), where the plaintiffs demonstrated "that the registered agent for [the defendant] was not located at its registered agent address," and "that they served [the defendant] at its principal address by certified mail and that a Domestic Return Receipt was signed by Bryan Connolly").

Here, Plaintiffs first attempted to personally serve each Defendant's registered agent, as required by Rule 4(h)(1)(B). (Doc. No. 19 at 2 ¶¶ 2-3, Ex. A, Ex. B.) Plaintiffs, through their process servers, discovered that the respective agents' listed addresses did not exist.[3] (*Id.* at Ex. A, Ex. B.) Subsequent to those attempts, Plaintiffs served Defendants by publication in the Pikes

---

[3] Plaintiffs attempted service on Spinido at the address on file with the Colorado Secretary of State: 305 W. South Ave., Woodland Park, CO 80863. (Doc. No. 19 at Ex. A.) Service was likewise attempted on Gomffer at the address on file with the Colorado Secretary of State: 1700 Broadway, Suite 201, Denver, CO 80290. (*Id.* at Ex. B.) The court has independently verified these addresses with the Colorado Secretary of State, http://www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do (last visited Jan. 24, 2020).

Peak Courier and the Denver Post, which is an acceptable means of service of process under California law.  (Doc. No. 14; Doc. No. 19 at 2 ¶¶ 4-5, Ex. C, Ex. D.)  In Colorado, however, service by publication is permitted only in actions affecting real property.  Colo. R. Civ. P. 4(g) ("Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property status or other proceedings in rem.").  This case, which alleges intellectual property infringement claims against two entities, is an action *in personam*; thus, service by publication is not permitted here.  *See United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010) ("Because Claim One of the complaint is a claim to reduce the federal tax assessments against the Elsberg Defendants to judgment, it is an *in personam* claim.  Therefore, Defendants could not be served by publication."); *ReMine ex rel. Liley v. Dist. Court for City & Cty. of Denver*, 709 P.2d 1379, 1383 (Colo. 1985) ("Even if the facts established that Liley willfully concealed himself to avoid service of process[,] . . . this alone would not allow substituted service under [Colorado Rule] 4(g).  The rule expressly allows service by [] publication *only* in cases affecting specific property or status or other proceedings in rem.").

Plaintiffs must, instead, pursue substituted service under Colorado Rule of Civil Procedure 4(f).  *See United States v. Bauer*, No. 18-cv-00034-PAB-NRN, 2019 WL 4751792, at *3 (D. Colo. Sept. 30, 2019).  Colorado Rule 4(f) sets forth the following requirements for obtaining substituted service:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service.  The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the

> party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) ordered the process to be mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f). The Colorado Supreme Court has made clear that "the completion and validity of service" under this rule "is linked to the delivery of process to the *substituted person* and not to the mailing of process to the defendant." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012) (emphasis added). Thus, "[i]f process is never delivered to the substituted person, service can never be valid and complete under [Colorado Rule] 4(f)." *Id.*

Here, Plaintiffs never identified a substituted person who could receive service of process on behalf of either Spinido or Gomffer. As a result, Plaintiffs have not satisfied the requirements for valid service under Colorado Rule 4(f). *See Bauer*, 2019 WL 4751792, at *4 (denying a motion for default judgment, where the plaintiff failed to identify a substituted person who could receive service on behalf of the defaulting defendant, and therefore, failed to perfect service under Colorado Rule 4(f)); *Wagner v. Williams, Scott & Assocs., LLC*, No. 12-cv-00104-MSK-MJW, 2012 WL 5409799, at *3 (D. Colo. Nov. 6, 2012) ("Ms. Wagner sought to serve the Defendant by certified mail under Colorado's 'substituted service' provision. The plain language of [Colorado Rule 4(f)], however, states that it applies when a party seeks to serve a substituted *person* on behalf of the opposing party.") (emphasis in original). Nor have Plaintiffs

9

established that service was effectuated by any alternative means that is valid under Colorado law.  And, given that the Northern District of California determined that it lacked personal jurisdiction over Defendants, Plaintiffs never perfected service in California.  *See Hansan v. Fairfax Cty. Pub. Sch. Bd.*, No. 1:09cv558(GBL), 2010 WL 1779679, at *3 (E.D. Va. Apr. 30, 2010) ("Plaintiff's attempts to serve Defendant were not effective under Rule 4(m) because the [transferor court] did not have personal jurisdiction over Defendant."); *see also Harding v. Williams Prop. Co.*, 1998 WL 637414, at *11 (4th Cir. Aug. 31, 1998) (unpublished) ("Service by a method provided by the law of a forum state is effective only if the courts of the forum state could acquire personal jurisdiction using that same method.").

Therefore, because Plaintiffs have not shown that either Spinido or Gomffer were properly served with a summons and complaint in this action, the court lacks personal jurisdiction over those Defendants.  *See Omni*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Accordingly, an entry of default judgment is not appropriate here.  *See Hukill*, 542 F.3d at 802 (setting aside a default judgment due to ineffective service of summons and complaint); *Bauer*, 2019 WL 4751792, at *4 (denying a motion for default judgment due to the plaintiff's failure to perfect service); *see also Charter Jet Travel, LLC v. NCA Max, Inc.*, No. 1:09-cv-00258 (LO/IDD), 2011 WL 13228321, at *4 (E.D. Va. Mar. 11, 2011) (recommending the denial of a motion for default judgment, after the case was transferred to a new jurisdiction, because the plaintiff did not effectuate service in the transferee court).

Further, the time for service in this case has expired.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the

action without prejudice against that defendant or order that service be made within a specified time."). As of this date, more than ninety days have passed since Plaintiffs filed their Complaint, and service has not been perfected as to either Defendant.

However, because Plaintiffs' failure to complete service is due, in part, to a court order authorizing service by publication, the court finds "good cause" to extend the deadline to effectuate proper service under Rule 4. *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure [to perfect service], the court must extend the time for service for an appropriate period."). If Plaintiffs are, in fact, able to complete service in conformity with Colorado law, they should be permitted to refile their motion for default judgment.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiffs' "Renewed Motion for Default Judgment" (Doc. No. 43) be **DENIED**. The court further **RECOMMENDS** that Plaintiffs be granted sixty (60) days from the date that this Report and Recommendation is ruled upon, in which to properly serve Defendants and file proof of service with the court.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge