IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–00349–RM–KMT

RAIN DESIGN, INC, and
KOK HONG LYE,

    Plaintiffs,

v.

SPINIDO, INC.,
GOMFFER, INC., and
DOES 1-10, inclusive.

    Defendants.

---

## ORDER

---

Before the court is "Plaintiff's Notice of Motion and Motion for Substituted Service." (["Motion"], Doc. No. 54-1.) In the Motion, Plaintiffs ask for permission to attempt substituted service upon Defendants, pursuant to Colorado Rule of Civil Procedure 4(f). (*Id.* at 1.) No response has been filed to the Motion, and the time to do so has lapsed. For the following reasons, the Motion is GRANTED, in part, and DENIED, in part.

On June 27, 2017, Plaintiffs Rain Design, Inc. and Kok Hong Lye commenced this lawsuit against two Colorado corporations, Defendants Spinido, Inc. and Gommfer, Inc.,[1] in the United States District Court for the Northern District of California, asserting claims for federal

---

[1] Spinido and Gomffer are alleged to be "alter egos" that "were opened and/or funded, controlled by, and/or are subsidiaries of a Chinese parent company." (Compl. 4-5 ¶¶ 9-11.)

copyright, patent, and trademark infringement, as well as claims under California state law. (["Complaint"], Doc. No. 1 at 17-23 ¶¶ 66-110.)  Plaintiffs made several attempts to serve Defendants personally, none of which proved successful.  (Mot. 3-5; ["Tabesh Declaration"], Doc. No. 54-2 at ¶¶ 2-3, Ex. A, Ex. B; *see* Doc. No. 19 at 2 ¶¶ 2-3, Ex. A, Ex. B; *see also* Doc. Nos. 11, 13.)  The Northern District of California ultimately authorized Plaintiffs to effectuate service by publication in the Pikes Peak Courier and the Denver Post, in accordance with California law.  (Doc. No. 14.)  After publishing the required notices in the two Colorado newspapers, on September 6, 2018, Plaintiffs filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2).  (Doc. No. 22.)  That motion was denied, however, because the Northern District of California determined that it lacked personal jurisdiction over Defendants.  (Doc. No. 30; *see* Doc. No. 27.)  The case was then transferred to the District of Colorado, pursuant to 28 U.S.C. § 1631, on February 11, 2019.  (Doc. No. 31; *see* Doc. No. 30.)

Upon transfer, on March 11, 2019, Plaintiffs filed a renewed motion for default judgment, which was ultimately denied, on March 11, 2020, for lack of personal jurisdiction.  (Doc. Nos. 43, 49, 50.)  Specifically, Plaintiffs failed to show that Defendants were ever properly served with a summons and complaint in this action.  (Doc. No. 49 at 10-11.)  On June 22, 2020, Plaintiffs filed the present Motion, asking for permission to effectuate substituted service of Spinido and Gomffer under Colorado Rule of Civil Procedure 4(f).  (Mot. 1.)

Federal Rule of Civil Procedure 4(h), which governs the service of corporations, provides that a plaintiff may serve process on a corporation located within the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(h)(1)(B). In the alternative, such a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Colorado law, which applies here, provides for service on a corporation through "the registered agent for service as set forth in the most recently filed documents in the records of the secretary of state of [Colorado] or any other jurisdiction." Colo. R. Civ. P. 4(e)(4). A registered agent may be served in the same manner as a "natural person," in other words, "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." *Goodman v. Assocs., LLC v. WP Mountain Properties, LLC*, 222 P.3d 310, 316 (Colo. 2010) (quoting Colo. R. Civ. P. 4(e)(1)).

In this case, Plaintiffs first attempted to personally serve Defendants' registered agents, as required by Rule 4(h)(1)(B). (Mot. 3-4; Tabash Decl. ¶¶ 2-3, Ex. A, Ex. B.) Plaintiffs, through their process servers, discovered that the respective agents' listed addresses did not exist.[2] (Mot. 3; Tabash Decl. Ex. A, Ex. B.) Plaintiffs then "reached out directly" to Derek Yeung, legal counsel for ShenZhen ShengHaiNa Technology Co., Ltd. ["ShenZhen"], the entity which reportedly owns Spinido's trademark, to determine whether Mr. Yeung also represented either

---

[2] Plaintiffs attempted service on Spinido at the address on file with the Colorado Secretary of State: 305 W. South Ave., Woodland Park, CO 80863. (Tabash Decl. Ex. A.) Service was likewise attempted on Gomffer at the address on file with the Colorado Secretary of State: 1700 Broadway, Suite 201, Denver, CO 80290. (*Id.* at Ex. B.) The court has independently verified these addresses with the Colorado Secretary of State, http://www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do (last visited July 23, 2020).

Spinido or Gomffer. (Mot. 4; Tabesh Decl. ¶ 6.) Plaintiffs were ultimately unable to reach Mr. Yeung, despite repeated attempts to do so. (Mot. 4-5; Tabesh Decl. ¶ 6.) Plaintiffs' attorney states that he "spent much effort trying to locate other means of establishing contact with Spinido and/or Gomffer for purposes of service, including but not limited to searching for either company in other lawsuits[,] . . . searching for the company names in the White Pages, searching on their respective websites, conducting Internet searches generally, [and] searching on their company pages on Amazon.com[.]" (Mot. 5; Tabesh Decl. ¶ 7.) Plaintiffs were reportedly "unable to uncover additional addresses or individuals for whom personal service could have been used." (Mot. 3.) Following these events, Plaintiffs attempted service by publication in the Pikes Peak Courier and the Denver Post, which is an acceptable means of service of process under California law. (Doc. No. 14; Doc. No. 19 at 2 ¶¶ 4-5, Ex. C, Ex. D.) In Colorado, however, service by publication is permitted only in actions affecting real property. Colo. R. Civ. P. 4(g) ("Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property status or other proceedings in rem."). Plaintiffs were, therefore, required to proceed under Colorado Rule of Civil Procedure 4(f), which sets forth the following requirements for obtaining substituted service of process:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process

> is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) ordered the process to be mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f). The Colorado Supreme Court has made clear that "the completion and validity of service" under this rule "is linked to the delivery of process to the substituted person and not to the mailing of process to the defendant." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012); *see also Namaste Judgment Enforcement, LLC v. King*, 465 P.3d 78, 83 (Colo. App. 2020) (holding that "hand delivery to the substituted person is required").

In their present Motion, Plaintiffs seek leave to pursue substituted service of Spinido and Gomffer, in accordance with Colorado Rule 4(f), by serving the following persons: (1) Spinido's registered agent, Jinhua Chen, at that individual's home address; (2) Gomffer's registered agent, Zhang Zhihui, at that individual's home address; (3) ShenZhen's attorney, Derek Yeung, at that individual's work address; (4) Xuezhi Gao, said to be "the last listed owner of the Spinido trademark," at that individual's address in China; and (5) the owner of Gomffer's trademark, Shenzhen ShangWeiYang Technology Co., Ltd. ["SST"], at that entity's business address in China.[3]  (Mot. 1-2, 6-7.)

In this case, the evidence shows that Plaintiffs have not been able to effectuate service through other means despite their reasonably diligent efforts to do so, that Defendants' respective

---

[3] Plaintiffs advise that they "have not identified a specific individual at [SST] on whom service may be effected but nevertheless request[] authority to serve on the company in China.  (Mot. 7.)

5

registered agents are not located under their names at their designated addresses, and that Defendants' respective registered agents cannot with reasonable diligence be served. In addition, Plaintiffs have adequately shown that substituted service upon Defendants' respective registered agents, Jinhua Chen and Zhang Zhihui, is "appropriate under the circumstances and reasonably calculated to give actual notice" to Spinido and Gomffer. Colo. R. Civ. P. 4(f); *see Minshall v. Johnston*, 417 P.3d 957, 962 (Colo. App. 2018) (concluding that Colorado Rule 4(f) is not satisfied merely by alleging that the designated person for substituted service will notify the party to be served of the suit, but rather by demonstrating through evidence that the designated person is "reasonably calculated to give actual notice" of the suit to the defendant). Indeed, Plaintiffs have produced evidence to show that Jinhua Chen's home address is listed in Spinido's corporate formation documents, and that Zhang Zhihui's home address is listed in Gomffer's corporate formation documents. (Mot. 6; Tabesh Decl. Ex. E, Ex. F.) Thus, substituted service of those individuals, in accordance with Colorado Rule 4(f), is proper.

However, to the extent Plaintiffs seek to pursue substituted service upon Derek Yeung, Xuezhi Gao, and SST, they have failed to provide adequate factual support for those requests. Specifically, as to Derek Yeung, Plaintiffs merely state that that individual "was an attorney who contacted Plaintiff Rain Design on behalf of ShenZhen when Rain Design took steps to temporarily suspend Spinido's seller privileges from Amazon.com," and that "the fact that ShenZhen reached out to Plaintiff Rain Design in response to Spinido being delisted from Amazon.com confirms that ShenZhen either controls or is Spinido." (Mot. 6-7.) But there are no allegations that Mr. Yeung has any specific relationship with Defendant Spinido, so as to justify substituted service. *See Minshall v. Johnston*, 417 P.3d 957, 961-62 (Colo. App. 2018);

6

*Matthews v. Candie*, No. 20-cv-00139-PAB-NYW, 2020 WL 3487850, at *3 (D. Colo. June 26, 2020). Indeed, Plaintiffs admit that they "tr[ied] to confirm whether [Mr. Yeung] represented Spinido and/or Gomffer," but were unable to do so. (Mot. 4-5.) Further, to the extent Plaintiffs seek to serve Mr. Yeung, based on their belief that his client, ShenZhen, and Defendants are interconnected, such a position not only raises attorney-client privilege and ethical concerns, but also requires an overly expansive reading of Colorado Rule 4(f). *See Farmlands Partners, Inc. v. Fortunae*, No. 18-cv-02351-KLM, 2019 WL 2436064, at *7 (D. Colo. June 11, 2019) (denying a motion for substituted service of unnamed defendants via the named defendant's attorney, because, otherwise, "a plaintiff could simply invoke [Colorado Rule] 4(f) to compel that defendant's attorney to identify his client's alleged co-conspirators merely based on the facts alleged in the complaint").

With respect to Xuezhi Gao and SST, the argument for substituted service is even more tenuous. As the sole basis for their request to serve Xuezhi Gao, Plaintiffs state that the individual is "currently listed as the last listed owner of the Spinido trademark." (Mot. 7; Tabesh Decl. Ex. G.) Plaintiffs, likewise, report that "Gomffer's trademark is owned by" SST. (Mot. 7; Tabesh Decl. Ex. H.) Even accepting these assertions as true, the record here is insufficient to render the owners of Defendants' respective trademarks as proper persons for substituted service under Colorado Rule 4(f). Other than showing that Xuezhi Gao and SST each have proprietary interests in the words "Spinido" and "Gomffer," the record fails to show any connection between the trademark owners and Defendants. *Minshall*, 417 P.3d at 962 (finding substituted service on the registered agent of the corporation of which the defendant was a co-owner and shareholder to be insufficient, because there was no evidence that the defendant was "an active participant in

the affairs of the corporation," or that the defendant had "some separate relationship with the registered agent, by contract, familial tie, or otherwise"). On this record, then, Plaintiffs have failed to meet their burden under Colorado Rule 4(f) as to substituted service of Derek Yeung, Xuezhi Gao, and SST.

As a final matter, in their Motion, Plaintiffs ask that effective service upon either Spinido or Gomffer "be deemed as effective service on the other," on the basis that Spinido and Gomffer are "likely alter egos." (Mot. 2.) "An alter-ego relationship exists when the corporation is a 'mere instrumentality for the transaction of the shareholders' own affairs, and there is such a unity of interest in ownership that the separate personalities of the corporation and the owners no longer exist.'" *In re Phillips*, 139 P.3d 639, 644 (Colo. 2006). In Colorado, service on the alter ego of a corporation can constitute effective service on the corporation. *Id.* As such, if Spinido and Gomffer are ultimately found to be alter egos, the court may find service of either Defendant to be properly effectuated as to the other. At this stage of the proceedings, however, the issue is premature and need not be resolved.

Accordingly, it is

**ORDERED** that "Plaintiffs' Notice of Motion and Motion for Substituted Service" (Doc. No. 54) is **GRANTED, in part, and DENIED, in part**. Pursuant to Colorado Rule of Civil Procedure 4(f), Plaintiffs are granted leave to serve Defendants as follows:

(1) As to Defendant Spinido, by substituted personal service of Jinhua Chen at 506 N. Garfield Ave. #210, Alhambra, CA 91801; and

(2) As to Defendant Gomffer, by substituted personal service of Zhang Zhihui at 506 N. Garfield Ave. #210, Alhambra, CA 91801.

In addition to the documents required to effectuate service, Plaintiffs shall also include a copy of this Order.  Further, as required by Colorado Rule of Civil Procedure 4(f), the process shall be "mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery."  *See* Colo. R. Civ. P. 4(f).  The Motion is **DENIED in all other respects.**

Dated July 28, 2020.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

9